**BRIAN T. DUNN, ESQ. (SBN 176502)**
Email: bdunn@cochranfirm.com
**MEGAN R. GYONGYOS, ESQ. (SBN 285476)**
Email: mgyongyos@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
Attorneys for all Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

| | |
|---|---|
| NEKESHA ROBERTSON, individually and as Successor in Interest to NICHOLAS ROBERTSON, deceased; N.Z.R., a minor, individually, by and through her Guardian Ad Litem, NEKESHA ROBERTSON; N.P.R., a minor, individually, by and through her Guardian Ad Litem, NEKESHA ROBERTSON; N.D.R., a minor, individually, by and through his Guardian Ad Litem, NEKESHA ROBERTSON; CHARLES ROBERTSON, individually, and ANTHONETT ROBERTSON, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a municipal entity, and DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO.: 2:16-CV-02761** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)** <br><br> 2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)** <br><br> 3. **Violations of Civil Rights (42 U.S.C. § 1983) (Substantive Due Process)** <br><br> 4. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43) (Based on Battery)** <br><br> 5. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a)) (Based on Negligence)** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

## JURISDICTION AND VENUE

1.      Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1367(a).

2.      Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

3.      Plaintiff NEKESHA ROBERTSON is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. Plaintiff NEKESHA ROBERTSON is the surviving spouse of decedent NICHOLAS ROBERTSON.

4.      Plaintiff NEKESHA ROBERTSON is the Successor in Interest to decedent NICHOLAS ROBERTSON and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating Plaintiff NEKESHA ROBERTSON as the Successor in Interest to decedent NICHOLAS ROBERTSON, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for decedent NICHOLAS ROBERTSON, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5.      Plaintiff N.Z.R., a minor, is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. Plaintiff N.Z.R. is the surviving biological daughter of decedent NICHOLAS ROBERTSON. Plaintiff N.Z.R. brings this action by and through her biological mother and Guardian Ad Litem, NEKESHA ROBERTSON.

6.       Plaintiff N.P.R., a minor, is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. Plaintiff N.P.R. is the surviving biological daughter of decedent NICHOLAS ROBERTSON. Plaintiff N.P.R. brings this action by and through her biological mother and Guardian Ad Litem,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

NEKESHA ROBERTSON.

7.    Plaintiff N.D.R., a minor, is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. Plaintiff N.D.R. is the surviving biological son of decedent NICHOLAS ROBERTSON. Plaintiff N.D.R. brings this action by and through his biological mother and Guardian Ad Litem, NEKESHA ROBERTSON.

8.    Plaintiff CHARLES ROBERTSON is, and at all relevant times mentioned herein was, a resident of the County of Crittenden, State of Arkansas. Plaintiff CHARLES ROBERTSON is the surviving biological father of decedent NICHOLAS ROBERTSON.

9.     Plaintiff ANTHONETT ROBERTSON is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles, State of California. Plaintiff ANTHONETT ROBERTSON is the surviving biological mother of decedent NICHOLAS ROBERTSON.

10.   Defendant COUNTY OF LOS ANGELES (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

11.    Plaintiffs are informed and believe, and thereon allege, that the heretofore unknown Defendant DOE Deputies are, and at all relevant times mentioned herein were, residents of the County of Los Angeles and State of California. Further, at all times relevant to the acts and omissions herein alleged, said Defendant DOE Deputies were sheriff's deputies employed by the Defendant COUNTY and the Los Angeles County Sheriff's Department, and were acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department.

12.    On or around February 3, 2016, a timely Claim for Damages was submitted to the County of Los Angeles in substantial compliance with California Government Code § 910, et seq. As of the date of the filing of this Complaint, said Claim has been

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

denied.

13.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

14.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

15.     Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

16.     This Complaint concerns a fatal deputy-involved shooting incident which occurred during the morning hours of Saturday, December 12, 2015, at or around the intersection of Long Beach Boulevard and Magnolia Avenue in the City of Lynwood, County of Los Angeles, and State of California. Plaintiffs are informed, believe, and thereupon allege that at approximately 11:00 a.m. on that date, Plaintiffs' decedent, NICHOLAS ROBERTSON was walking at or around the intersection of Long Beach

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone, (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

Boulevard and Magnolia Avenue when two heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted NICHOLAS ROBERTSON without having probable cause or reasonable suspicion to believe that NICHOLAS ROBERTSON had committed a crime, or would commit a crime in the future.

17.    Without warning, the Defendant DOE Deputies proceeded to assault and batter NICHOLAS ROBERTSON by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of NICHOLAS ROBERTSON, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to NICHOLAS ROBERTSON in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, NICHOLAS ROBERTSON died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

18.    At no time during the course of these events did NICHOLAS ROBERTSON pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, NICHOLAS ROBERTSON posed no reasonable or credible threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, NICHOLAS ROBERTSON made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, the Defendant DOE Deputies, who fired, were not faced with any

circumstances which would have led a reasonable sheriff's deputy to believe that NICHOLAS ROBERTSON posed the risk of death or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff NEKESHA ROBERTSON, as Successor in Interest to NICHOLAS ROBERTSON, Deceased, Against the Heretofore Unknown Defendant DOE Deputies for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unreasonable Use of Deadly Force)**

19.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

20.     This cause of action is brought on behalf of decedent NICHOLAS ROBERTSON, by and through his Successor in Interest, Plaintiff NEKESHA ROBERTSON, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to decedent NICHOLAS ROBERTSON by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed the heretofore unknown Defendant DOE Deputies. The Defendant COUNTY provided its individual employees and agents, including the Defendant DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the Los Angeles County Sheriff's Department.

22.     At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were employed by the Defendant COUNTY and the Los Angeles County Sheriff's Department, and were acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

Angeles County Sheriff's Department.

23.    At approximately 11:00 a.m. on Saturday, December 12, 2015, Plaintiffs' decedent, NICHOLAS ROBERTSON, was walking at or around the intersection of Long Beach Boulevard and Magnolia Avenue when two heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, violently confronted NICHOLAS ROBERTSON without having probable cause or reasonable suspicion to believe that NICHOLAS ROBERTSON had committed a crime, or would commit a crime in the future.

24.    Without warning, the Defendant DOE Deputies proceeded to assault and batter NICHOLAS ROBERTSON by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of NICHOLAS ROBERTSON, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to NICHOLAS ROBERTSON in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, NICHOLAS ROBERTSON died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

25.    At no time during the course of these events did NICHOLAS ROBERTSON pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, NICHOLAS ROBERTSON posed no reasonable or credible threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, NICHOLAS ROBERTSON made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and

during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that NICHOLAS ROBERTSON posed the risk of death or serious bodily injury to any person.

26.     At all times mentioned herein, the Defendant DOE Deputies acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. The Defendant DOE Deputies deprived NICHOLAS ROBERTSON of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

27.     NICHOLAS ROBERTSON had the right to be free from unreasonable governmental seizures of his person, a right which was secured to NICHOLAS ROBERTSON by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Deputies, which proximately caused the death of NICHOLAS ROBERTSON.

28.     Plaintiffs are informed, believe, and thereupon allege, that in unreasonably seizing the person of decedent NICHOLAS ROBERTSON, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive NICHOLAS ROBERTSON of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Deputies in an amount to be proven at the trial of this matter.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

29.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, NICHOLAS ROBERTSON was shot and killed on December 12, 2015, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

30.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, NICHOLAS ROBERTSON was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for medical services and medical treatment and care prior to his death in an amount according to proof at trial.

31.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff NEKESHA ROBERTSON, as Successor in Interest to NICHOLAS ROBERTSON, Deceased, Against Defendant COUNTY OF LOS ANGELES for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on an Unconstitutional Policy, Practice, or Custom)**

32.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

33.     This cause of action is brought on behalf of decedent NICHOLAS ROBERTSON, by and through his Successor in Interest, Plaintiff NEKESHA ROBERTSON, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to decedent NICHOLAS ROBERTSON by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

34.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed the heretofore unknown Defendant DOE Deputies. The Defendant COUNTY provided its individual employees and agents, including the Defendant DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the Los Angeles County Sheriff's Department.

35.     At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were employed by the Defendant COUNTY and the Los Angeles County Sheriff's Department, and were acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department.

36.     As set forth in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, violated the Fourth Amendment rights of decedent NICHOLAS ROBERTSON by acts which included, but were not limited to, unreasonably using deadly and excessive force against NICHOLAS ROBERTSON. As described in this Complaint, the shooting of NICHOLAS ROBERTSON was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated the Fourth Amendment right of NICHOLAS ROBERTSON to be free from unreasonable governmental seizures of his person.

37.     Plaintiffs are informed and believe, and thereupon allege, that at all times relevant to the acts and omissions alleged in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted pursuant to a longstanding official practice or custom of the Defendant COUNTY and the Los Angeles County Sheriff's Department, through which, prior to December 12, 2015, Los Angeles County Sheriff's Department deputies employed unreasonable and excessive force in a manner that violates civilians' Fourth Amendment rights to be free from the unreasonable use of force with such frequency and

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

regularity that, prior to December 12, 2015, Los Angeles County Sheriff's Department deputies' unreasonable uses of force had become a widespread and well settled practice or custom within the Los Angeles County Sheriff's Department.

38.     Plaintiffs are further informed and believe, and thereupon allege, that the Defendant DOE Deputies' shooting of decedent NICHOLAS ROBERTSON, an individual who posed no reasonable or credible threat of violence to the Defendant DOE Deputies, nor to any other person, demonstrated that the Defendant DOE Deputies' training was inadequate to allow them to handle the usual and recurring situations faced by Los Angeles County Sheriff's Department deputies, as evidenced by the following specific actions and omissions of the Defendant DOE Deputies in their response to the subject incident:

   a.   The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles County Sheriff's Department is for law enforcement officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, they acted in flagrant contravention of this well established standard of care.

   b.   The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles County Sheriff's Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing deadly force. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, they acted in flagrant contravention of this well established

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

standard of care.

c.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles County Sheriff's Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment, such as that which could be afforded by the engine block of a patrol vehicle, when confronted with the possibility of using deadly force. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, they acted in flagrant contravention of this well established standard of care.

d.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles County Sheriff's Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects whom the officers believe may possibly be armed with a weapon so as to obtain the tactical advantage of distance from a potentially armed threat. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, they acted in flagrant contravention of this well established standard of care.

e.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles County Sheriff's Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential arrestee prior to using deadly force. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, they acted in flagrant contravention of this well established standard of care.

f.    The tactical standard of care for law enforcement agencies similarly situated to the Los Angeles County Sheriff's Department is for law enforcement

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard. Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

officers employed by such agencies to fire in controlled bursts when using deadly force, and to stop and reassess their target, back drop, and fields of fire when using deadly force, so as to avoid exposing persons and property to unnecessary fire. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, they acted in flagrant contravention of this well established standard of care.

39.     Plaintiffs are informed and believe, and thereupon allege, that prior to December 12, 2015, the Defendant DOE Deputies received training and instruction in police tactics and procedures from the Los Angeles County Sheriff's Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at departmental briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their respective station(s) prior to their assigned shift(s), their receipt of departmental training manuals, their receipt of departmental training bulletins, and their receipt of additional departmental correspondence and electronic mails.

40.     Both prior to and on December 12, 2015, encounters with suspects and civilians, such as decedent NICHOLAS ROBERTSON, were common among Los Angeles County Sheriff's Department deputies similarly situated to the Defendant DOE Deputies, and such encounters were a recurring situation faced by Los Angeles County Sheriff's Department deputies similarly situated to the Defendant DOE Deputies.

41.     Plaintiffs are informed and believe, and thereupon allege, that those individuals responsible for training the Defendant DOE Deputies, including, but not limited to, their respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the Los Angeles County Sheriff's Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

communicate, teach, and/or cause to be taught the above referenced tactical training to deputies similarly situated to the Defendant DOE Deputies would be that nondangerous persons, such as decedent NICHOLAS ROBERTSON, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

42.    Plaintiffs are informed and believe, and thereupon allege, that notwithstanding the fact that the training personnel responsible for training the Defendant DOE Deputies, including, but not limited to, their respective field training deputies, watch commanders, shift commanders, training deputies, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the Los Angeles County Sheriff's Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to deputies similarly situated to the Defendant DOE Deputies would be that nondangerous persons, such as decedent NICHOLAS ROBERTSON, would suffer constitutional deprivations from the unreasonable use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

43.    Plaintiffs are informed, believe, and thereupon allege that the failure of the Los Angeles County Sheriff's Department to provide adequate training to the Defendant DOE Deputies, as described in the foregoing paragraphs of this Complaint, caused decedent NICHOLAS ROBERTSON to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of deadly force.

44.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, NICHOLAS ROBERTSON was shot and killed on December 12, 2015, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior to his death, all to his damage in a sum to be

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

determined at trial.

45.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Deputies, NICHOLAS ROBERTSON was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for medical services and medical treatment and care prior to his death in an amount according to proof at trial.

46.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE THIRD CAUSE OF ACTION

### (By All Plaintiffs Against the Heretofore Unknown Defendant DOE Deputies for Violations of Civil Rights [42 U.S.C. § 1983])

### (Substantive Due Process)

47.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

48.     This cause of action is brought by Plaintiffs NEKESHA ROBERTSON, N.Z.R., N.P.R., N.D.R., CHARLES ROBERTSON, and ANTHONETT ROBERTSON, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with their husband, father, and son, NICHOLAS ROBERTSON, Plaintiffs' right to enjoy the care, companionship, familial relationship, and society of their husband, father, and son, NICHOLAS ROBERTSON, and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

49.     Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed the heretofore unknown Defendant DOE Deputies. The Defendant COUNTY provided its individual employees and agents,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

including the Defendant DOE Deputies, with official badges and identification cards which designated and described the bearers as employees of the Defendant COUNTY and the Los Angeles County Sheriff's Department.

50.     At all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Deputies were employed by the Defendant COUNTY and the Los Angeles County Sheriff's Department, and were acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department.

51.     At approximately 11:00 a.m. on Saturday, December 12, 2015, Plaintiffs' decedent, NICHOLAS ROBERTSON, was walking at or around the intersection of Long Beach Boulevard and Magnolia Avenue when two heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, violently confronted NICHOLAS ROBERTSON without having probable cause or reasonable suspicion to believe that NICHOLAS ROBERTSON had committed a crime, or would commit a crime in the future.

52.     Without warning, the Defendant DOE Deputies proceeded to assault and batter NICHOLAS ROBERTSON by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of NICHOLAS ROBERTSON, inflicting several gunshot wounds, which proved to be fatal. Following the shooting, the involved deputies denied medical care to NICHOLAS ROBERTSON in a manner that demonstrated deliberate indifference to his constitutional rights. After surviving for an appreciable period of time following the shooting, NICHOLAS ROBERTSON died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

53.     At no time during the course of these events did NICHOLAS ROBERTSON pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, NICHOLAS ROBERTSON posed no reasonable or credible threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, NICHOLAS ROBERTSON made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that NICHOLAS ROBERTSON posed the risk of death or serious bodily injury to any person.

54.     At all relevant times herein, the Defendant DOE Deputies were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the constitutional rights of NICHOLAS ROBERTSON and Plaintiffs and/or with a purpose to harm unrelated to any legitimate law enforcement objective and in a manner that shocks the conscience when they used deadly and excessive force against NICHOLAS ROBERTSON.

55.     At all times mentioned herein, the Defendant DOE Deputies acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY.

56.     The Defendant DOE Deputies deprived Plaintiffs of the rights, privileges, and/or immunities secured to them by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, Plaintiffs' right to substantive due process and privacy, Plaintiffs' right to associate with their husband, father, and son, NICHOLAS ROBERTSON, Plaintiffs' right to enjoy the care, companionship, familial relationship, and society of their husband, father, and son,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

NICHOLAS ROBERTSON, and Plaintiffs' right to be free from arbitrary and unreasonable governmental intrusions into their family unit.

57.     Plaintiffs had a Fourteenth Amendment right to substantive due process and privacy, as well as a Fourteenth Amendment right to associate with their husband, father, and son, NICHOLAS ROBERTSON, a Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of their husband, father, and son, NICHOLAS ROBERTSON, and a Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into their family unit. All of these rights and privileges were secured to Plaintiffs by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Deputies, which proximately caused the death of NICHOLAS ROBERTSON.

58.     By causing the death of NICHOLAS ROBERTSON, the actions of the Defendant DOE Deputies violated Plaintiffs' Fourteenth Amendment rights to substantive due process and privacy, as well as Plaintiffs' Fourteenth Amendment right to associate with their husband, father and son, NICHOLAS ROBERTSON, Plaintiffs' Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of their husband, father and son, NICHOLAS ROBERTSON, and Plaintiffs' Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into their family unit. The Defendant DOE Deputies, and each of them, intruded upon the aforementioned Fourteenth Amendment rights of Plaintiffs with deliberate indifference and/or a purpose to harm unrelated to any legitimate law enforcement objective and in a manner that shocks the conscience when they used deadly and excessive force against NICHOLAS ROBERTSON.

59.     Plaintiffs are informed, believe, and thereupon allege that in committing the acts and omissions described in this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs and Plaintiffs' decedent of their federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Deputies in an amount to be proven at the trial of this matter.

60.     As a direct and proximate result of the wrongful acts and omissions of the Defendant DOE Deputies, NICHOLAS ROBERTSON was shot and killed on December 12, 2015, and Plaintiffs were thereby deprived of their constitutional right to a familial relationship with NICHOLAS ROBERTSON.

61.     As a further direct and proximate result of the wrongful acts and omissions of the Defendant DOE Deputies, Plaintiffs have suffered extreme and severe emotional distress, mental anguish, and pain, and have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of NICHOLAS ROBERTSON and will continue to be so deprived for the remainder of their natural lives, all to their damage in a sum to be determined at trial.

62.     As a further proximate result of the wrongful acts and omissions of the Defendant DOE Deputies, Plaintiffs have lost past and future earnings and wages resulting from the loss of the support and services of NICHOLAS ROBERTSON in an amount to be determined according to proof at trial.

63.     Plaintiffs are entitled to and hereby demand costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE FOURTH CAUSE OF ACTION

**(By Plaintiffs NEKESHA ROBERTSON, N.Z.R., N.P.R., and N.D.R. Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43])**

**(Based on Battery)**

64.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

65. All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

66. At approximately 11:00 a.m. on Saturday, December 12, 2015, Plaintiffs' decedent, NICHOLAS ROBERTSON, was walking at or around the intersection of Long Beach Boulevard and Magnolia Avenue when two heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, violently confronted NICHOLAS ROBERTSON without having probable cause or reasonable suspicion to believe that NICHOLAS ROBERTSON had committed a crime, or would commit a crime in the future.

67. Without warning, the Defendant DOE Deputies proceeded to assault and batter NICHOLAS ROBERTSON by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the person of NICHOLAS ROBERTSON, inflicting several gunshot wounds, which proved to be fatal.

68. As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Deputies, and each of them, NICHOLAS ROBERTSON was shot on December 12, 2015. After surviving for an appreciable period of time following the shooting, NICHOLAS ROBERTSON died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Deputies.

69. At no time during the course of these events did NICHOLAS ROBERTSON pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, NICHOLAS ROBERTSON posed no reasonable or credible threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, NICHOLAS

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

ROBERTSON made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that NICHOLAS ROBERTSON posed the risk of death or serious bodily injury to any person.

70.     Plaintiffs are informed, believe, and thereupon allege, that in shooting decedent NICHOLAS ROBERTSON, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Deputies acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive NICHOLAS ROBERTSON of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Deputies in an amount to be proven at the trial of this matter.

71.     As a direct and proximate result of the death of decedent NICHOLAS ROBERTSON and the above-described conduct of the Defendants, and each of them, NICHOLAS ROBERTSON's heirs, the Plaintiffs herein, have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of NICHOLAS ROBERTSON in an amount according to proof at trial.

72.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of NICHOLAS ROBERTSON, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

## FOR THE FIFTH CAUSE OF ACTION

### (By Plaintiffs NEKESHA ROBERTSON, N.Z.R., N.P.R., and N.D.R. Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a)])

### (Based on Negligence)

73.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

74.     All claims asserted herein against the Defendant COUNTY are presented pursuant to the Defendant COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

75.     At approximately 11:00 a.m. on Saturday, December 12, 2015, Plaintiffs' decedent, NICHOLAS ROBERTSON, was walking at or around the intersection of Long Beach Boulevard and Magnolia Avenue when two heretofore unknown Defendant DOE Deputies, while acting under color of law and in the course and scope of their employment with the Defendant COUNTY and the Los Angeles County Sheriff's Department, negligently assessed the circumstances presented to them, and then violently confronted NICHOLAS ROBERTSON without having probable cause or reasonable suspicion to believe that NICHOLAS ROBERTSON had committed a crime, or would commit a crime in the future.

76.     Without warning, the Defendant DOE Deputies negligently discharged their department-issued firearms at the person of NICHOLAS ROBERTSON, inflicting several gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time following the shooting, NICHOLAS ROBERTSON died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by the Defendant DOE Deputies.

77.     At no time during the course of these events did NICHOLAS ROBERTSON pose any reasonable or credible threat of violence to the shooting deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, NICHOLAS ROBERTSON posed no reasonable or credible threat of violence to the heretofore unknown Defendant DOE Deputies who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, NICHOLAS ROBERTSON made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Deputies shot and killed NICHOLAS ROBERTSON, the Defendant DOE Deputies, who fired, were not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that NICHOLAS ROBERTSON posed the risk of death or serious bodily injury to any person.

78.     Plaintiffs are informed and believe, and thereupon allege, that on and before December 12, 2015, the Defendant DOE Deputies had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain civilians and suspects who do not pose an immediate threat of death or serious bodily injury to any person. Notwithstanding each of these duties, the Defendant DOE Deputies failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to determine the fact that NICHOLAS ROBERTSON posed no threat of physical harm to any person when he was shot and killed, negligently inflicting physical injury upon NICHOLAS ROBERTSON, as described herein, and negligently employing deadly force against NICHOLAS ROBERTSON when the same was unnecessary and unlawful. All of these negligent acts proximately caused NICHOLAS ROBERTSON's death on December 12, 2015.

79.     As a proximate result of the above-described conduct of the Defendants, and each of them, NICHOLAS ROBERTSON was shot and killed on December 12, 2015.

80.     As a direct and proximate result of the death of decedent NICHOLAS ROBERTSON and the above-described conduct of the Defendants, and each of them, NICHOLAS ROBERTSON's heirs, the Plaintiffs herein, have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of NICHOLAS ROBERTSON in an amount according to proof at trial.

81.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of NICHOLAS ROBERTSON, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.     For funeral and burial related expenses according to proof at trial;

2.     For general and special damages in an amount according to proof at trial;

3.     For medical and related expenses according to proof at trial;

4.     For costs of suit incurred herein;

5.     For attorneys' fees incurred herein, as provided by law;

6.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial;

7.     For such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

All Plaintiffs hereby demand that a jury be impaneled for the trial of this matter.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

DATED: April 21, 2016

Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**


By:  /s/ Brian T. Dunn
     BRIAN T. DUNN
     MEGAN R. GYONGYOS
     Attorneys for all Plaintiffs

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

## COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

3052015249790                    CERTIFICATE OF DEATH                    3201519056258

| | | |
|---|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) NICHOLAS | 2. MIDDLE DE ANTONIO | 3. LAST (Family) ROBERTSON |

AKA, ALSO KNOWN AS—Include full AKA (FIRST, MIDDLE, LAST)

| 5. DATE OF BIRTH | 6. AGE YRS 28 | 7. SEX M |
|---|---|---|
| /1987 | | |

| 8. BIRTH STATE/FOREIGN COUNTRY TENNESSEE | 9. SOCIAL SECURITY NUMBER | 10. EVER IN U.S. ARMED FORCES? Yes X No | 11. MARITAL STATUS MARRIED | 7. MODE OF DEATH 12/12/2015 | 8. HOUR .1117 |
|---|---|---|---|---|---|

| 12. EDUCATION HS GRADUATE | 14/15. WAS DECEDENT HISPANIC/LATINO? X No | 16. DECEDENT'S RACE AFRICAN AMERICAN |
|---|---|---|

| 17. USUAL OCCUPATION LABORER | 18. KIND OF BUSINESS OR INDUSTRY VARIOUS | 19. YEARS IN OCCUPATION 10 |
|---|---|---|

| 20. CITY LYNWOOD | 22. COUNTY/PROVINCE LOS ANGELES | 23. ZIP CODE | 24. YEARS IN COUNTY 27 | 25. STATE/FOREIGN COUNTRY CALIFORNIA |
|---|---|---|---|---|

| 26. INFORMANT'S NAME, RELATIONSHIP ANTHONETT ROBERTSON, MOTHER | 27. INFORMANT'S MAILING ADDRESS LYNWOOD, CA |
|---|---|

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST NEKIESHA | | 30. LAST (BIRTH NAME) ALEXANDER |
|---|---|---|

| 31. NAME OF FATHER/PARENT—FIRST CHARLES | 32. MIDDLE MANN | 33. LAST ROBERTSON | 34. BIRTH STATE TENNESSEE |
|---|---|---|---|

| 35. NAME OF MOTHER/PARENT—FIRST ANTHONETT | 36. MIDDLE | HOWARD | 38. BIRTH STATE |
|---|---|---|---|

| 39. DISPOSITION DATE 12/29/2015 | 40. PLACE OF FINAL DISPOSITION ROSE HILLS MEMORIAL PARK 3888 SOUTH WORKMAN MILL ROAD, WHITTIER, CA 90601 | |
|---|---|---|

| 42. TYPE OF DISPOSITION(S) BU | 45. LICENSE NUMBER EMB8734 |
|---|---|

| 46. NAME OF FUNERAL ESTABLISHMENT SIMPSON'S FAMILY MORTUARY | FD2108 | 48. SIGNATURE OF LOCAL REGISTRAR | 49. DATE 12/28/2015 |
|---|---|---|---|

| 101. PLACE OF DEATH STREET | 102. IF OTHER THAN HOSPITAL SPECIFY ONE | |
|---|---|---|

| 103. COUNTY LOS ANGELES | 104. FACILITY ADDRESS OR LOCATION WHERE FOUND 12131 LONG BEACH BLVD | LYNWOOD |
|---|---|---|

| 107. CAUSE OF DEATH | | |
|---|---|---|
| IMMEDIATE CAUSE (A) DEFERRED | | 108. DEATH REPORTED TO CORONER 2015-08552 |
| (B) | | 109. BIOPSY PERFORMED? Yes X No |
| (C) | | 110. AUTOPSY PERFORMED? X Yes No |
| | | 111. USED FOR DETERMINING CAUSE? X Yes No |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 NONE | |
|---|---|

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? NO | 114. IF FEMALE, PREGNANT IN LAST YEAR? Yes No |
|---|---|

| 116. CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 118. SIGNATURE AND TITLE OF CORONER |
|---|---|

| 119. I CERTIFY THAT DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 120. INJURY DATE | 121. HOUR |
|---|---|---|
| MANNER OF DEATH Natural Accident Homicide Suicide Pending Investigation Could not be determined | | |

| 123. PLACE OF INJURY (home, construction site, wooded area, etc.) | |
|---|---|

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | |
|---|---|

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) | |
|---|---|

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE 12/21/2015 | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER REGINA AUGUSTINE, DEP. CORONER |
|---|---|---|

| STATE REGISTRAR | A | B | C | D | E | F | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|

*010001003115581*

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health if it bears the Registrar's signature in purple ink.

*100006286*

DATE ISSUED  APR 14 2016

Director of Public Health and Registrar

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

## COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

### PHYSICIAN/CORONER'S AMENDMENT
NO ERASURES, WHITEOUTS, PHOTOCOPIES, OR ALTERATIONS

3052015249790
STATE FILE NUMBER

3201519056258
LOCAL REGISTRATION NUMBER

1.1

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH

TYPE OR PRINT CLEARLY IN BLACK INK ONLY – THIS AMENDMENT BECOMES AN ACTUAL PART OF THE OFFICIAL RECORD

## PART I   INFORMATION TO LOCATE RECORD

INFORMATION AS IT APPEARS ON ORIGINAL RECORD

| 1A. NAME – FIRST | 1B. MIDDLE | 1C. LAST | 2. SEX |
|---|---|---|---|
| NICHOLAS | DE ANTONIO | ROBERTSON | M |

| 3. DATE OF EVENT—MM/DD/CCYY | 4. CITY OF EVENT | 5. COUNTY OF EVENT |
|---|---|---|
| 12/12/2015 | LYNWOOD | LOS ANGELES |

## PART II   STATEMENT OF CORRECTIONS

LIST ONE ITEM PER LINE

| 6. CERTIFICATE ITEM NUMBER | 7. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 107A | DEFERRED | GUNSHOT WOUNDS |
| 107A1 | | UNK |
| 119 | PENDING INVESTIGATION | HOMICIDE |
| 120 | | NO |
| 121 | | 12/12/2015 |
| 122 | | UNK |
| 123 | | STREET |
| 124 | | LAW ENFORCEMENT RELATED SHOOTING BY UNKNOWN FIREARM |
| 125 | | 11331 LONG BEACH BLVD LYNWOOD, CA 90262 |

## DECLARATION OF CERTIFYING PHYSICIAN OR CORONER

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE ABOVE INFORMATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

| 9. SIGNATURE OF CERTIFYING PHYSICIAN OR CORONER | 10. DATE SIGNED—MM/DD/CCYY | 11. TYPED OR PRINTED NAME AND TITLE OF CERTIFIER |
|---|---|---|
| | 03/23/2016 | DMB |

| 12. ADDRESS – STREET AND NUMBER | 13. CITY | 14. STATE | 15. ZIP CODE |
|---|---|---|---|
| 1104 NORTH MISSION ROAD | LOS ANGELES | CA | 90033 |

STATE/LOCAL REGISTRAR – USE ONLY

| 16. OFFICE OF VITAL RECORDS OR LOCAL REGISTRAR | 17. DATE ACCEPTED FOR REGISTRATION—MM/DD/CCYY |
|---|---|
| | 03/23/2016 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

FORM VS 24Ae (REV. 1/08)
1.1

*100006287*

This is a true certified copy of the record filed in the County of Los Angeles Department of Public Health, when the Registrar's signature in purple ink.

DATE ISSUED  APR 14 2016

Director of Public Health and Registrar

VF

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**DECLARATION OF NEKESHA ROBERTSON**

1.      The decedent's name who is the subject of this action for violations of civil rights and wrongful death is NICHOLAS ROBERTSON.

2.      On December 12, 2015, NICHOLAS ROBERTSON was killed in a deputy-involved shooting incident which occurred at or around the intersection of Long Beach Boulevard and Magnolia Avenue in the City of Lynwood, County of Los Angeles, and State of California.

3.      No proceeding is now pending in California for the administration of the decedent's estate.

4.      I am the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5.      No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: _4-15-16_

NEKESHA ROBERTSON, declarant

-1-